UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHREN MILLER, INDIVIDUALLY
AND ON BEHALF OF HER MINOR
CHILD, JH

CIVIL ACTION

NUMBER 07-666-RET-SCR

VERSUS

WEST FELICIANA SCHOOL BOARD,
ET AL

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 11, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHREN MILLER, INDIVIDUALLY
AND ON BEHALF OF HER MINOR
CHILD, JH

CIVIL ACTION

NUMBER 07-666-RET-SCR

VERSUS

WEST FELICIANA PARISH SCHOOL
BOARD, ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Dismiss under Rule 12(b)(1), Fed.R.Civ.P. filed by defendants West Feliciana Parish School Board, Jesse Perkins, Amy Betts, Shannon Hall and Lloyd Lindsey. Record document number 24. The motion is opposed by plaintiff Kathren Miller, individually and on behalf of her minor child JH.[1]

Plaintiff, individually and on behalf of her minor child, filed suit against the defendants alleging her own claims and claims on behalf of her child based on federal and state law. Plaintiff's brought claims under 42 U.S.C. § 1983 based on violations of her First, Fifth and Fourteenth Amendment rights. Plaintiff alleged that the defendants violated her right to be free from wrongful arrest, and rights to her reputation, due process of law, and to protest, complain and report unlawful discrimination in the provision of education to her son. Plaintiff alleged further that the defendants were liable to her for unlawful retaliation

---

[1] Record document number 29.

under Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act.[2]  Plaintiff also asserted supplemental state law claims under Louisiana Civil Code Article 2315.[3]

With regard to the claims asserted on behalf of her minor child, the plaintiff invoked the ADA and the Individuals with Disabilities Education Act (IDEA) by alleging that her child is an individual with a disability and entitled to the enjoyment of a free public education within the meaning and intent of federal and state law.[4]  Plaintiff did not seek any specific relief on behalf of her child under the ADA and IDEA.  Rather, she sought damages for "past and future medical/psychological expenses, pain and suffering, severe and extreme emotional distress and mental anguish, humiliation and embarrassment, loss of consortium with his mother," and damages for severe mental anguish and emotional distress under Louisiana Civil Code Article 2315.6.[5]

Defendant moved to dismiss the complaint for lack of subject matter jurisdiction on the ground that the plaintiff failed to exhaust the administrative remedies available under the IDEA prior to filing suit.

---

[2] Complaint, ¶¶ 31-33.

[3] *Id.*, ¶ 34.

[4] *Id.*, ¶¶ 4-6.

[5] *Id.*, ¶¶ 36-37.

Plaintiff argued that the motion should be denied because her individual claims under § 1983 are not encompassed within the IDEA and are not subject to the statute's exhaustion requirement. Plaintiff argued further that to the extent any of the claims alleged are within the scope of the IDEA, exhaustion is not required in this case because the IDEA administrative procedures would be futile or inadequate.

For the reasons explained below and for those stated in court at oral argument,[6] the defendants' motion should be granted in part.

### **Applicable Law**

Under the IDEA school districts that receive federal funds must provide special education students a free and appropriate public education (FAPE) in the least restrictive environment. The statute provides parents of children who are covered by the Act with rights and procedures, including the right to present complaints on any matter related to the identification, evaluation or educational placement of the child, or the provision of a free appropriate public education to the child. 20 U.S.C. § 1415(a)-(d); *White v. Ascension Parish School Board*, 343 F.3d 373, 378 (5th Cir. 2003).

Before filing a civil action seeking relief under the IDEA in

---

[6] Oral argument was held on the motion on August 5, 2008. Record document number 34. A certified transcript of the findings and reasons is filed in the record. Record document number 35.

state or federal court, a plaintiff must first exhaust the statute's administrative remedies. 20 U.S.C. § 1415(f)-(i). The plaintiff must also exhaust the IDEA administrative remedies before filing claims under other laws such as § 504 of the Rehabilitation Act, the ADA and § 1983, when seeking relief that is also available under the IDEA.

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990[42 U.S.C.A. § 12101, et seq.], title V of the Rehabilitation Act of 1973[29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, **except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsection (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter**. (emphasis added).

20 U.S.C. § 1415(l).

Thus, it is clear that the statute requires a plaintiff to first exhaust the state's administrative procedures before bringing an action in federal court. *Honig v. Doe*, 484 U.S. 305, 327, 108 S.Ct. 592, 606 (1988); *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992).[7] Plaintiff, however, may by-pass the administrative process where exhaustion would be futile or inadequate. Plaintiff has the burden of demonstrating the futility or inadequacy of pursuing the administrative remedies required

---

[7] *See*, *Pace v. Bogalusa City School Board*, 403 F.3d 272, 289-290 (5th Cir. 2005), *cert.denied*, 546 U.S. 933, 126 S.Ct. 416 (2005)(explaining IDEA administrative proceedings and nature of district court's review of record generated by proceedings).

5

under the IDEA. *Id.* "[A] complaint based on § 1415(b)(1)(E) is not a justiciable controversy until the plaintiff has exhausted his administrative remedies or proved that exhaustion would be futile or inadequate." *Gardner*, 958 F.2d at 112.[8]

## Analysis

After review of the plaintiff's allegations and the documents submitted by the parties related to the issue of exhaustion, it appears undisputed that the plaintiff did not exhaust the IDEA administrative procedures set forth in the federal and state statutes. The procedures the plaintiff must follow to exhaust her administrative remedies under the IDEA require the plaintiff to request and participate in an impartial due process hearing. In this case the plaintiff never asked for an IDEA due process hearing. It is uncontested that the plaintiff took two steps to complain about the educational services her child was receiving: (1) the plaintiff submitted a complaint to the Louisiana Department of Education, and (2) wrote a letter to her congressman.[9] The failure to request an impartial due process hearing compels a finding that the plaintiff did not exhaust administrative

---

[8] The Fifth Circuit has not held that exhaustion under the IDEA is a jurisdictional requirement. The court noted in *Gardner* that arguably it is not a jurisdictional requirement because of the judicial exception in cases where exhaustion would be futile or inadequate. *Gardner*, 958 F.2d at 112.

[9] Record document number 24-3, defendants exhibits D, E and F; record document number 29-2, plaintiff exhibit, p. 45.

6

remedies.[10]

Nor do the plaintiff's allegations, documents and arguments demonstrate that the impartial due process hearing and other procedures not pursued would have been futile or inadequate. Plaintiff relied on the fact that she removed her child from the school in February 2007 and began home schooling him,[11] and that the Louisiana Department of Education concluded there was no violation of law. The fact that the child is currently home schooled also does not establish that at the time of the ongoing dispute, an impartial due process hearing would have been inadequate to address the plaintiff's complaints regarding her son's education and the alleged retaliatory actions of the school board.

Similarly, the fact that the State Department of Education considered the plaintiff's complaint and found no violation of law does not mean that a due process hearing would have been futile or

---

[10] *See*, *J.M.C. v. Louisiana Board of Elementary and Secondary Education*, 2008 WL 2421108 (M.D. La. June, 13, 2008)(setting forth and distinguishing the IDEA due process procedure/hearing and the state complaint procedure); *Papania-Jones v. Dupree*, 2008 WL 1790428 (5th Cir. April 17, 2008)(parents who used state complaint procedure by filing formal written complaint with the state department of education and did not request an impartial due process hearing failed to exhaust administrative remedies; court rejected argument that parents' dissatisfaction with state's response to their complaints established that requesting due process hearing/remaining IDEA administrative remedies would be futile).

[11] Plaintiff alleged that the withdrawal from school was a result of the unlawful, retaliatory actions of the school board. Complaint, ¶ 30.

inadequate. Plaintiff has no support for the proposition that an impartial hearing officer presiding over a due process hearing would have been required to agree, in whole or part, with the school board's position on the educational and related services appropriate for the plaintiff's child.

However, exhaustion is not required with regard to some of the plaintiff's claims, specifically, her claims for unlawful arrest and damage to reputation under § 1983 and state law, and the related claims of her child for loss of consortium and his *Lejeune* claim.[12] These claims arise out of the alleged unlawful arrest that occurred on September 22, 2006, which was based on the affidavit of Jesse Perkins, charging the plaintiff with improper supervision of a minor.[13] Nothing is alleged which indicates that these claims are based on injuries/relief that can be redressed to any degree under the IDEA. In these circumstances the plaintiff had no remedies under the IDEA to exhaust.[14]

In summary, the court has subject matter jurisdiction over the plaintiff's complaint based on federal law and supplemental

---

[12] *Lejeune v. Rayne Branch Hospital*, 556 So.2d 559 (La. 1990).

[13] Complaint, ¶¶ 26-37.

[14] *See*, *Blanchard v. Morton School District*, 420 F.3d 918 (9th Cir. 2005), *cert. denied*, ___ U.S. ___, 128 S.Ct. 1447(2008)(parent's § 1983 claims for money damages for emotion distress and lost wages caused by school district's deliberate indifference to son's IDEA rights did not have to be exhausted because under the circumstances her injuries could not be redressed to any degree under IDEA administrative procedures).

8

jurisdiction over the alleged state law claims.  However, the plaintiff's claims individually and on behalf of her minor child for damages and other relief based on denial of a free and appropriate education, and her First Amendment retaliation claim arising from the plaintiff's pursuit of her child's rights under the IDEA, are not justiciable under *Gardner* and *Honig*.[15] Plaintiff's claims individually and on behalf of her minor child for deprivation of rights and retaliation under the IDEA, ADA and Rehabilitation Act and First Amendment retaliation under § 1983, should be dismissed without prejudice for failure to exhaust administrative remedies.[16]

## **Recommendation**

It is the recommendation of the magistrate judge that the Motion to Dismiss filed by defendants West Feliciana Parish School Board, Jesse Perkins, Amy Betts, Shannon Hall and Lloyd Lindsey be granted in part, dismissing without prejudice, the plaintiff's claims individually and on behalf of her minor child for deprivation of rights and retaliation under the IDEA, ADA and

---

[15] *See*, *M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153 (11th Cir. 2006); *Kutasi v. Las Virgenes Unified School Dist.*, 494 F.3d 1162 (9th Cir. 2007).

[16] The legal and factual basis for these claims are alleged in paragraphs 4-25, part of 31 and 32(§ 1983 allegations regarding the right to protest, complain about, and report unlawful discrimination in the provision of an education to her son), and 33.

Rehabilitation Act, and First Amendment retaliation under § 1983.

It is further recommended that as to the remaining claims, the defendants' Motion to Dismiss for lack of subject matter jurisdiction based on failure to exhaust administrative remedies, be denied.

Baton Rouge, Louisiana, August 11, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE